Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00049-CV

In the **INTEREST OF E.N.C.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-00432
Honorable Richard Garcia, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  September 28, 2011

AFFIRMED

This is an appeal from a trial court's order terminating appellant father's parental rights to his child, E.N.C.  We affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

The Texas Department of Family and Protective Services ("the Department") sought termination of appellant's parental rights to E.N.C.  At the conclusion of the termination hearing, the trial court terminated appellant's parental rights, finding it was in E.N.C.'s best interest and that: (1) appellant constructively abandoned E.N.C. because even though the Department made reasonable efforts to return E.N.C., appellant did not regularly visit or maintain significant contact nor did he demonstrate an ability to provide E.N.C. with a safe environment; (2)

appellant failed to comply with a court order that established the actions necessary for him to gain custody of E.N.C.; and (3) appellant used a controlled substance in a manner that endangered E.N.C.'s health or safety, and failed to complete a court-ordered substance abuse treatment program.

After the trial, appellant filed a motion for new trial and an affidavit of indigency. A statement of appellant points was not filed. *See* TEX. FAM. CODE ANN. § 263.405(b)(2) (West 2008), *repealed by* Act of May 19, 2011, 82d Leg., R.S., ch. 75 (requiring party intending to appeal final termination order to file statement of appellate points in trial court). After a hearing, the trial court denied appellant's motion for new trial and found him indigent. The trial court also found the points upon which appellant intended to appeal frivolous even though a formal statement of appellate points was never filed. On appeal, appellant argues he received ineffective assistance of counsel because his attorney failed to introduce compelling evidence, failed to object to inadmissible evidence, and failed to file a statement of appellate points.

Generally, a party intending to appeal a final termination order must file a statement of appellate points in the trial court. *Id.* This court is statutorily precluded from considering any appellate issue that was not contained within a timely filed statement of appellate points. *Id.* § 263.405(i). However, even in the absence of a timely filed statement of appellate points, a party appealing a final termination order may raise ineffective assistance of counsel in the appellate court. *In re J.O.A.*, 283 S.W.3d 336, 339, 347 (Tex. 2009). Here, after appellant advised this court of his intent to raise an ineffective assistance claim, we ordered the court reporter to file a complete record, and permitted appellant to re-brief in order to assert his ineffective assistance of counsel issue.

In response to appellant's ineffective assistance of counsel issue, the State contends appellant's rights were terminated because he failed to comply with the court orders, he constructively abandoned E.N.C., and he continued to use illegal drugs, not because he received ineffective assistance of counsel at trial.

## ANALYSIS

Parental rights may be terminated only upon proof of clear and convincing evidence that the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code ("the Code"), and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2); *In re J.O.A.*, 283 S.W.3d at 344. Clear and convincing evidence is "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *J.O.A.*, 283 S.W.3d at 344 (quoting TEX. FAM. CODE ANN. § 101.007). "[T]he appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

An indigent person has a constitutional and statutory right to counsel in a parental-rights termination case. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). Moreover, an indigent parent has the right to effective assistance of counsel. *Id.*

The Texas Supreme Court has adopted the *Strickland v. Washington*, 466 U.S. 668 (1984), standard for appellate review of ineffective assistance of counsel claims in parental termination cases. *M.S.*, 115 S.W.3d at 545. Under the *Strickland* standard, to prove ineffective assistance of counsel, an appellant must first prove counsel's performance was deficient. *J.O.A.*, 283 S.W.3d at 342. The deficient performance must be "so serious as to deny the defendant a fair and reliable trial." *Id.* The second prong requires a showing that the deficient performance

was prejudicial to the defendant. *Id.* To establish these prongs, the appellant must show by a preponderance of the evidence that (1) counsel's representation fell below the objective standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 690-94. We must give deference to counsel's actions because those actions may have been based on strategy or a reasonable professional opinion. *M.S.*, 115 S.W.3d at 545.

Appellant contends his trial counsel rendered ineffective assistance of counsel because he failed to file a statement of appellate points, which would have preserved his sufficiency of the evidence claims. *See* TEX. FAM. CODE ANN. § 263.405(b) (West 2008).

In *J.O.A.*, the court held that section 263.405 of the Code, which requires a statement of appellate points in order to raise a sufficiency challenge, "is unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting an order terminating parental rights." 283 S.W.3d at 339. Because we have the entire record, we will address whether appellant's insufficiency complaint is meritorious.

In a legal sufficiency review, we view the evidence in a light most favorable to the judgment, giving appropriate deference to the factfinder's conclusions. *J.O.A.*, 283 S.W.3d at 344. We "must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We must also disregard all evidence a reasonable factfinder could have reasonable disbelieved. *Id.* We will find the evidence insufficient if "no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true . . . ." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)).

The evidence is factually insufficient if "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction . . . ." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266). We will sustain a legal sufficiency challenge only if the evidence is "so weak or the finding so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *In re C.H.*, 89 S.W.3d at 24-25 (quoting *In re J.N.R.*, 982 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1998, no pet.)).

The trial court terminated appellant's parental rights because it was in E.N.C.'s best interest and appellant: (1) constructively abandoned E.N.C. because even though the Department made reasonable efforts to return E.N.C., appellant did not regularly visit or maintain contact nor did he demonstrate an ability to provide E.N.C. with a safe environment; (2) failed to comply with a court order that established the actions necessary for him to gain custody of E.N.C.; and (3) used a controlled substance in a manner that endangered E.N.C.'s health or safety, and failed to complete a court-ordered substance abuse treatment program. We need to find only one of the above grounds for termination sufficient to uphold the trial court's termination order. *See In re E.M.N.*, 221 S.W.3d 815, 821 (Tex. App.—Fort Worth 2001, no pet.).

We will focus on constructive abandonment. A parent constructively abandons their child when: (1) the child has been in the permanent or temporary managing conservatorship of the Department for not less than six months; (2) the Department has made reasonable efforts to return the child to the parent; (3) the parent has not regularly visited or maintained significant contact with the child; and (4) the parent has demonstrated an inability to provide the child with a safe environment. TEX. FAM. CODE ANN. § 161.001(1)(N); *In re A.S.*, 261 S.W.3d 76, 88-89 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Appellant does not complain of the first

two prongs, so we will focus on whether appellant failed to maintain significant contact and provide a safe environment for E.N.C.

At trial, non-hearsay testimony was provided to show appellant constructively abandoned E.N.C. As for the third prong—failure to maintain significant contact—although Appellant was allowed to visit E.N.C. once a week, appellant testified he did not visit E.N.C. every week. Appellant also admitted he would sometimes show up late to the visits and those visits would be cancelled. Rosaura Villalpando, the legal worker assigned to E.N.C.'s case, testified that since she started working the case in September 2010, through the time of the termination hearing in January 2011, appellant had only visited E.N.C. four times. We find there was clear and convincing evidence appellant failed to maintain significant contact with E.N.C.

As for the fourth prong—failure to provide a safe environment—Villalpando testified appellant was never able to provide her with proof of employment. As for housing, Villalpando testified she sent registered and regular mail to appellant's last known address but never heard a response, and when she asked for proof of housing, appellant never provided it. There was also non-hearsay evidence that appellant tested positive for cocaine before the statutorily mandated section 262.201 hearing, ten months before the termination hearing. However, even if trial counsel had objected to Villalpando testifying to the alleged dirty urine analyses, appellant admitted he tested positive in November 2010. Therefore, even if trial counsel had introduced appellant's alleged lease into evidence and objected to the alleged hearsay regarding the dirty urine analyses, because there was no proof appellant was employed, coupled with the fact that he tested positive for cocaine in March 2010 and November 2010, there was clear and convincing evidence that appellant could not provide a safe environment for E.N.C.

We find the above evidence was sufficient to prove, by clear and convincing evidence, that appellant constructively abandoned E.N.C. Accordingly, we hold appellant did not raise a meritorious complaint about the insufficiency of the evidence. *See J.O.A.*, 283 S.W.3d at 339.

Because we find the evidence was sufficient to terminate appellant's parental rights without the alleged lease and alleged hearsay, we need not address appellant's other issues.

## CONCLUSION

Based on the foregoing, we overrule appellant's issues, and we affirm the trial court's judgment.

Marialyn Barnard, Justice